## JOHN BLOOM *v.* THE STATE.

1. QUARANTINE. *Pilot. Incoming vessel. Duty to display flag.*
   An indictment against a person for violating the sixth section of the quarantine law (Acts 1877, p. 64) by bringing a vessel into a port on the Gulf coast of this State, without displaying a flag at half-mast, must aver that he was a pilot at one of such ports, as the statute refers to local licensed pilots.

2. SAME. *What vessels subject to the requirement. Infected ports.*
   The duty of pilots to so display the flag for the quarantine physician is not confined to vessels from infected ports, but embraces all incoming vessels, and an indictment for neglect thereof need not allege that the vessel has visited or departed from any infected port.

ERROR to the Circuit Court of Jackson County.

Hon. J. S. HAMM, Judge.

*W. P. & J. B. Harris,* for the plaintiff in error.

None but resident licensed pilots are within the statute. The indictment is defective in failing to state that Bloom was a pilot at the port on the Gulf coast, and that the vessel had visited or departed from an infected port. Acts 1877, p. 64, §§ 3, 6, 12. In defining the offence, the indictment must pursue the precise and technical language employed in the statute. *Anthony* v. *State,* 13 S. & M. 263; *Ike* v. *State,* 23 Miss. 525; *Scott* v. *State,* 31 Miss. 473; *Williams* v. *State,* 42 Miss. 328.

*J. B. Harris,* on the same side, made an oral argument.

*T. C. Catchings,* Attorney General, for the State, argued orally and in writing.

The first count in the indictment based on § 6 of the act of Jan. 31, 1877 (Acts 1877, pp. 65, 66), is clearly good. Bloom, although captain, was acting pilot, and so, by his own act, brought himself within the law. If only regular pilots residing at the port were intended by the law, its object could be defeated at any time by the master refusing to employ a pilot, and discharging the duties of that position himself. When he brought the ship into port, he was to all intents and purposes the pilot of the ship, since he had taken upon himself the duties of that post.

CHALMERS, J., delivered the opinion of the court.

The plaintiff in error was indicted for a violation of the sixth section of the act "more effectually to protect the health of the citizens of the State." (Acts 1877, p. 64.) This section makes it the duty of all pilots at the aforesaid ports (those on the Gulf coast of this State) bringing vessels into said ports to display a flag at half-mast at the fore, and to keep said flag in said position until such vessel shall have been visited by the quarantine physician. Severe penalties are prescribed for a violation of this duty. The indictment does not charge that the plaintiff in error was a pilot of or at any of the ports on our Gulf coast, and it is therefore defective and should have been quashed. It is " all pilots at the aforesaid ports bringing vessels into said ports " who are required to place the flag at half-mast, and not pilots coming in from sea or from points beyond the State. This is made evident by reference to the twelfth section of the act where it is declared that " every pilot bringing a vessel into a port of this State during the existence of quarantine, shall, so soon as he boards the same, furnish the master of such vessel with a copy of this act." Clearly the pilots referred to throughout the act are our own licensed pilots who go out to meet and conduct vessels into port. The indictment, instead of averring that the plaintiff in error was a pilot at one of our ports, seems to negative that idea. It charges that " John Bloom, while quarantine was established at Pascagoula, being then and there captain of and acting as pilot of the vessel Indianola did," etc. The words " then and there " fix the time and place of the offence, and there are no others which indicate that this captain and acting pilot of the Indianola was an official or a resident of our ports. The motion to quash should have been sustained. The other principal ground of the motion to quash, namely, that the indictment did not allege that the vessel had visited or departed from any infected port as prescribed by § 3, is not well founded. The duty of pilots to display flags at half-mast under § 6 is not confined to those bringing in vessels from infected ports, but applies to all incoming vessels.

<em>Judgment reversed and indictment quashed.</em>